UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BROWN, | : |
| Petitioner, | : Civ. No. 16-9413 (KM) |
| v. | : |
| WARDEN MICHAEL TOLERICO, et al., | : OPINION |
| Respondents. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

The petitioner, Steven Brown, is a pretrial detainee currently lodged at the Passaic County Jail in Paterson, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Brown's application to proceed *in forma pauperis* will be granted. Mr. Brown has filed a motion for a temporary restraining order/preliminary injunction as well as a motion for the appointment of counsel. For the following reasons, the habeas petition will be summarily dismissed. The motions for a temporary restraining order, preliminary injunction, and appointment of pro bono counsel will be denied.

## II.   BACKGROUND

Mr. Brown was convicted in 1999 of second-degree sexual assault in New Jersey. As part of his sentence, he received community supervision for life. In 2012 and 2013, Mr. Brown was arrested for violating the terms of his community supervision for life. He is in pretrial status on that violation.

In State court, Mr. Brown sought to dismiss the indictment against him arguing that his community supervision for life violates the Double Jeopardy Clause of the Constitution. In

October, 2016, the state court denied that motion. In December, 2016, Mr. Brown filed this federal habeas petition, which also argues that imposition of community supervision for life violates the Double Jeopardy Clause.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening this habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

As a pretrial detainee, Mr. Brown has properly brought this as a habeas action under 28 U.S.C. § 2241. *See Smith v. Pennsylvania State Attorney Gen.*, No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), *report and recommendation adopted,* 2011 WL 6012933 (M.D. Pa. Dec.1, 2011); *Avila*

*v. New Jersey,* No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept.6, 2007). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. *See Moore v. De Young,* 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas,* 393 F. App'x 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). The United States Court of Appeals for the Third Circuit has summarized the stringent prerequisites for such pretrial relief thus:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore,* 515 F.2d at 443; *see also Johnston v. Artis,* No. 13–6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis,* No. 10–1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010). In *Moore,* the Third Circuit noted that delay, harassment, bad faith, or other intentional activity might constitute an extraordinary circumstance justifying federal court intervention before trial. 515 F.2d at 447 n.12.

Petitioner requests that this Court grant him pretrial habeas relief from criminal charges related to his alleged violation of conditions of his community supervision. He claims that community supervision for life, or prosecution of him for violation of such community supervision conditions, violates the Double Jeopardy Clause.

3

It does not appear that Mr. Brown has exhausted his state court remedies challenging his community supervision for life on constitutional grounds. There is no basis for this Court to intervene in his state criminal proceedings at this time. This action appears to be an attempt by Mr. Brown to prematurely litigate in federal court constitutional defenses which are fully available for assertion in the State case. Mr. Brown has failed to establish extraordinary circumstances that would justify habeas intervention. *See Duran,* 393 F. App'x at 4 (citing *Moore,* 515 F.2d at 445). Such circumstances might include delay, harassment, bad faith, or other intentional activity, but nothing of the kind is alleged. *See Moore,* 515 F.2d at 447 n.12. The proper procedure is for petitioner to exhaust his constitutional claims before all levels of the New Jersey state courts, and to bring a habeas petition if and when such claims are denied.[1]

## V. MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Mr. Brown has also filed a motion for a TRO/preliminary injunction. To secure the extraordinary relief of a preliminary injunction or a temporary restraining order ("TRO"), a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp,* No. 10–5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston,* 157 F.3d 179, 184 (3d Cir.1998) (as to preliminary injunction); *Balias v. Tedesco,* 41 F.Supp.2d 531, 537 (D.N.J.1999) (as to TRO)). A preliminary injunction grants 'intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four factors favor preliminary relief."

---

[1] It appears that Mr. Brown, rather than await the outcome of the criminal case, could have sought leave to file an interlocutory appeal. *See State v. Nemes,* 963 A.2d 847, 848 (N.J. Sup. Ct. App. Div. 2008). He states that the public defender's office would not file an interlocutory appeal on his behalf.

4

*Barber*, 2011 WL 2223651, at * 15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Mr. Brown's motion for a TRO/preliminary injunction will be denied. As indicated above, Mr. Brown failed to exhaust his state court remedies such that his habeas petition is being dismissed. He has failed to failed to demonstrate the extraordinary circumstances required to justify the court's intervention in ongoing state proceedings.

In addition, I do not find in the petitioner's papers a substantial showing of likelihood of success on the merits of his claim that a prosecution for a post-conviction violation of conditions of supervision violates due process or double jeopardy standards.

It follows that his motion for a TRO/preliminary injunction must be denied.

### VI. MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Mr. Brown has also filed a motion for the appointment of pro bono counsel. There is no right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

The appointment of counsel is not warranted in this case. As described above, petitioner's habeas petition is being dismissed because he failed to exhaust his state court remedies.

## VII. CONCLUSION

For the foregoing reasons, Mr. Brown's habeas petition will be summarily dismissed for failure to exhaust his state court remedies. Additionally, Mr. Brown's application for a TRO/preliminary injunction as well as his motion for the appointment of pro bono counsel will be denied. An appropriate order will be entered.

DATED: March 3, 2017

KEVIN MCNULTY
United States District Judge